**METRO HEALTH, INC., d/b/a Hospital Metropolitano, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 01–1389.

United States Court of Appeals, District of Columbia Circuit.

Nov. 1, 2002.

Before GINSBURG, Chief Judge, HENDERSON, Circuit Judge, and WILLIAMS, Senior Circuit Judge.

**PER CURIAM.**

*JUDGMENT*

This cause came to be heard on the record compiled before the National Labor Relations Board and was briefed and argued by counsel. It is hereby

ORDERED AND ADJUDGED that the petition be denied and the Board's cross-application be granted. Substantial evidence in the record supports the Board's determination that the Hospital did not have a "good-faith reasonable doubt (uncertainty) as to the Union's majority status," 334 N.L.R.B. No. 75, at 2. Although the Supreme Court's decision in *Allentown Mack Sales & Service, Inc. v. NLRB,* 522 U.S. 359, 118 S.Ct. 818, 139 L.Ed.2d 797 (1998), cautioned against permitting the Board to "covertly transform its presumption of continuing majority support into a working assumption that *all* ... employees support the union until proven otherwise," id. at 371, 118 S.Ct. at 825, the burden of proof is on the Hospital to show that it had a good-faith reasonable uncertainty as to the Union's majority status. *See Pennsylvania State Educ. Ass'n–NEA v. NLRB,* 79 F.3d 139, 148 (D.C.Cir.1996). An employer need not show that the Union lacked majority status, *cf. Levitz Furniture Co. of the Pacific, Inc.,* 333 N.L.R.B. No. 105 (Mar. 29, 2001) (prospectively changing the standard to require an employer to show that the Union lacked majority status), but its presentation of evidence casting doubt upon the presumption of continuing majority support must meet a threshold level. The Board was justified in finding that the Hospital's showing in this case did not rise to that level.

*Allentown Mack* also cautioned that the inquiry into whether an employer has a good-faith reasonable uncertainty should rely upon "logic and sound inference from all the circumstances, not an arbitrary rule of disregard to be extracted from prior Board decisions." 522 U.S. at 379, 118 S.Ct. at 829. Although the Board's decision suggests that it may in part have looked to its prior decisions as an aid to inference, the Board's conclusions are supported by common sense. Only the April 21, 1998 and August 20, 1998 petitions provide any significant support for the proposition that the Hospital was reasonably uncertain about the Union's majority status, and they are not so compelling as to preclude the Board's finding.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.